S. Christopher Yoo (Cal. Bar No. 169442)
cyoo@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Daska P. Babcock (Cal. Bar No. 215172)
dbabcock@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
350 Sansome Street, Suite 300
San Francisco, CA 94104
Tel: (415) 624-8665
Fax: (415) 391-1751

Attorneys for Defendants
BANK OF AMERICA, NATIONAL ASSOCIATION,
AS SUCCESSOR BY MERGER TO LA SALLE BANK, N.A.,
AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2005-AR19 TRUST;
CALIFORNIA RECONVEYANCE COMPANY, AND
CHASE HOME FINANCE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE**

| | |
|---|---|
| VINCENT TANG and LIEN TANG,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CALIFORNIA RECONVEYANCE CO.; CHASE HOME FINANCE, LLC; WASHINGTON MUTUAL; FDIC; AND BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LA SALLE BANK, N.A., AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR19 TRUST,<br><br>　　　　Defendants. | Case No. CV10-03333 LHK PSG<br>Hon. Lucy H. Koh<br><br>**BANK OF AMERICA'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Dept.:　Courtroom 4, Fifth Floor<br>Date:　May 26, 2011<br>Time:　1:30 p.m.<br><br>Action Filed: July 29, 2010 |

## I. SUMMARY OF ARGUMENT

Defendant Bank of America, National Association, as successor by merger to La Salle Bank, N.A., as trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR19 Trust ("Bank of America") respectfully submits this brief in support of its motion to dismiss the Amended Complaint of plaintiffs Vincent Tang and Lien Tang ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Bank of America so moves on the ground that Plaintiffs fail to allege facts sufficient to state a claim for wrongful foreclosure against Bank of America.

## II. STATEMENT OF PERTINENT FACTS

### A. Procedural History

Plaintiffs filed this action in the U.S. District Court on July 29, 2010, after filing and dismissing a similar complaint in state court. Plaintiffs filed an amended complaint in this action on January 4, 2011 (the "Amended Complaint"), which for the first time named Bank of America as a defendant. (Doc. No. 42.) The Amended Complaint asserts one claim against Bank of America, for "Wrongful Foreclosure."

### B. History of the Subject Property

The Court found the following facts to have been established in connection with the JPMorgan Chase defendants' previous motion to dismiss this action:

> Plaintiff obtained a residential mortgage loan for $825,000 for real property located at 2739 Clover Meadow Street, San Jose, California 95135. The loan was secured by a deed of trust recorded on or about July 6, 2005, with the Santa Clara County Recorder's Office. The deed of trust identifies Washington Mutual as the lender and the beneficiary, California Reconveyance Company as the trustee, and Plaintiffs as the borrowers.

(Doc. No. 40 at 3:1-6; *see also,* Request for Judicial Notice ("RJN"), Exhibit 1.)

The Court further held, in its order granting the JPMorgan Chase defendants' first motion to dismiss:

> On September 25, 2008, the Office of Thrift Supervision (OTS) closed Washington Mutual Bank and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver. Also on September 25, 2008, JPMorgan

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**2**
**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**
1189511.1

entered into a Purchase and Assumption Agreement with the FDIC and took over the assets of Washington Mutual.

(Doc. No. 40 at 3:10-13.)

On March 1, 2010, CRC recorded an assignment by JPMorgan of the deed of trust for the Subject Property, which assigned to Bank of America all beneficial interest in the deed of trust. (RJN, Exhibit 2.)

CRC then recorded a Notice of Default and Election to Sell Under Deed of Trust, also on March 1, 2010. (RJN, Exhibit 3.) CRC recorded a Notice of Trustee's Sale on June 2, 2010. (RJN, Exhibit 4.)

### III. ARGUMENT

#### A. Motion to Dismiss Tests the Legal Sufficiency of the Claims

A motion to dismiss under FRCP Rule 12(b)(6) "tests the legal sufficiency of a claim." (*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001.)) A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." (*Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007.)) A claim is facially plausible if the plaintiff pleads facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009.)) Thus, while the Court must accept all well-pleaded factual allegations as true, "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Id.*, *quoting Bell Atlantic v. Twombly,* 550 U.S. at 555.) A court may take judicial notice of matters of public record in accordance with Federal Rule of Evidence 201 without converting a motion to dismiss to a motion for summary judgment. (*Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001), *citing Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986.))

#### B. Plaintiffs Fail to State any Claim for "Wrongful Foreclosure" Against Bank of America

The Amended Complaint includes just one claim against Bank of America, for "Wrongful Foreclosure," which is based solely and entirely on Plaintiffs' allegation

that "Defendants are not the holders of the note, therefore lack all standing to foreclose." (Amended Complaint, ¶ 25.)

This allegation is both untrue and legally unfounded. Chase Home Finance located and, through its counsel, has offered to make available for Plaintiffs' visual inspection the original promissory note that Plaintiffs appear to have signed in blue ink.

Even if it had not succeeded in locating the original note, Bank of America still would be entitled to foreclose. When a borrower defaults on a loan and the corresponding deed of trust contains a power of sale clause, the lender may non-judicially foreclose. (*Knapp v. Doherty*, 123 Cal. App. 4th 76, 86 (2004.)) If the deed of trust contains an express provision granting a power of sale — as does the deed of trust in this case (*see* RJN, Exhibit 1 at 3) — the beneficiary may pursue a non-judicial foreclosure, or "trustee's sale," under Civil Code Sections 2924 through 2924k. (*Knapp*, 123 Cal. App. 4th at 86.) A "trustee, mortgagee or beneficiary or any of their authorized agents," also may institute a foreclosure by recording a notice of default. (Civ. Code § 2924(a)(1).)

Here, the deed of trust indicates that Washington Mutual Bank was the original lender and beneficiary and CRC the trustee. (*See* RJN, Exhibit 1.) On September 25, 2008, JPMorgan acquired Washington Mutual Bank's interest in the Subject Loan pursuant to the Purchase and Assumption Agreement it entered into with the FDIC as Receiver for Washington Mutual Bank. (Doc. No. 40 at 3.) JPMorgan later assigned all beneficial interest under the deed of trust to "Bank of America, National Association as successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR19." (RJN, Exhibit 2.)

After Plaintiffs defaulted, CRC recorded the Notice of Default and Election to Sell Under Deed of Trust, as permitted under Civil Code section 2924(a)(1). (*See* RJN, Exhibit 3.) The deed of trust itself provided for this remedy in the event of Plaintiffs' default: "If Lender invokes the power of sale, Lender shall execute *or*

*cause Trustee to execute* a written notice of the [] occurrence of and event of default and of Lender's election to cause the Property to be sold." (*See* RJN, Exhibit 2 at 15, emphasis added.)

A party need not be the "holder of the note" to initiate foreclosure proceedings. Commercial Code section 3301 provides as follows:

> "Person entitled to enforce" an instrument means (a) the holder of the instrument, *(b) a nonholder* in *possession of the instrument who has the rights of a holder*, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

The deed of trust, rather than the note, confers the power of sale. "Under Civil Code section 2924, no party needs to physically possess the promissory note." (*Sicairos v. NDEX West, LLC,* 2009 WL 385855 *3 (S.D.Cal. Feb. 13, 2009), *citing* Civ. Code § 2924(a)(1).) "Uniformly among courts, production of the note is not required to proceed in foreclosure and similarly no production of any chain of ownership is required." (*Roque v. Suntrust Mortgage, Inc.*, 2010 WL 546896 *3 (N.D. Cal. Feb. 10, 2010).)

Plaintiffs have not identified and cannot identify any wrongdoing by Bank of America or irregularity in the paperwork in connection with the non-judicial foreclosure proceedings that are the subject of this case. Due to Plaintiffs' failure to state a claim upon which relief can be granted, the amended complaint must be dismissed as against Bank of America.

///
///
///

## IV. CONCLUSION

For the foregoing reasons, Bank of America respectfully requests that the Court grant its motion to dismiss the Amended Complaint without leave to amend.

Dated: April 12, 2011

Respectfully submitted,

ALVARADOSMITH
A Professional Corporation

By: /s/ Daska P. Babcock
_____
Daska P. Babcock
Attorneys for Defendants
BANK OF AMERICA CORPORATION, SUED AS BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LA SALLE BANK, N.A., AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR19 TRUST;
CALIFORNIA RECONVEYANCE COMPANY, AND
CHASE HOME FINANCE LLC