UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VINCENT AND LIEN TANG,            ) | Case No.: 10-CV-03333-LHK |
| )  | |
| Plaintiffs,   ) | ORDER GRANTING MOTION TO SET |
| v.                                                     ) | ASIDE ENTRY OF DEFAULT AND |
| )  | DENYING MOTION FOR ENTRY OF |
| CALIFORNIA RECONVEYANCE CO., et al., ) | DEFAULT JUDGMENT |
| )  | |
| Defendants.   ) | (re: docket #78 and #83) |
| )  | |

Defendant Bank of America, N.A., has moved to set aside entry of default against non-party Bank of America Corporation. *See* Dkt. #78. Defendant Bank of America, N.A., attempted to notice its motion for a hearing on June 2, 2011, but does not appear to have actually noticed its motion on the Court's calendar. Plaintiffs have moved for entry of default judgment against non-party Bank of America Corporation, but did not notice their motion for a hearing. *See* Dkt. #83. Pursuant to Civil Local Rule 7-1(b), the Court concludes that these motions are appropriate for determination without oral argument and vacates the June 2, 2011 motion hearing. Having considered the parties' submissions and the relevant law, the Court GRANTS the motion to set aside entry of default against Bank of America Corporation and DENIES the motion for entry of default judgment against Bank of America Corporation. The May 26, 2011 motion hearing, which centers on various motions to dismiss by Defendants, and case management conference remain as set.

1

Case No.: 10-CV-03333-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR ENTRY OF
DEFAULT JUDGMENT

## I. BACKGROUND

*Pro se* Plaintiffs Vincent and Lien Tang filed their initial Complaint on July 29, 2010, naming as Defendants California Reconveyance Company, JP Morgan Chase Bank, N.A., Chase Home Finance LLC, and Washington Mutual. *See* Dkt. #1. The Court granted Defendants' motion to dismiss the Complaint with leave to amend on December 22, 2010. *See* Dkt. #40. On January 24, 2011, Plaintiffs filed a First Amended Complaint ("FAC"), naming as Defendants California Reconveyance Company, *Bank of America, N.A.*, Washington Mutual Bank, and the Federal Deposit Insurance Corporation ("FDIC"). *See* Dkt. #42 (emphasis added). At no time has Bank of America Corporation, a separate entity than Bank of America, N.A., been named as a Defendant in this action.

On April 1, 2011, Plaintiffs filed a motion for entry of default against Bank of America Corporation. *See* Dkt. #69. On April 7, 2011, counsel for Bank of America, N.A., erroneously filed a Notice of Appearance as counsel of record for Bank of America Corporation. *See* Notice of Appearance at 2 [dkt. #70]. On April 18, 2011, the Clerk of the Court entered default against Bank of America Corporation. *See* Dkt. #76. On April 25, 2011, Plaintiffs filed a "Notice to Correct Typographical Error," clarifying that they intended to seek default against Defendant Bank of America, N.A., but had mistakenly sought default against non-party Bank of America Corporation. *See* Dkt. #85.

Defendant Bank of America, N.A., has appeared in this action, and filed a motion to dismiss on April 12, 2011. On April 20, 2011, Defendant Bank of America, N.A., also filed a motion to set aside entry of default against non-party Bank of America Corporation. Although Plaintiffs have acknowledged mistakenly seeking default against a non-party, Plaintiffs have filed an opposition. In addition, Plaintiffs have also moved for entry of default judgment against Bank of America Corporation. Finally, Plaintiffs also sought, and were denied, entry of default with respect to Defendant Bank of America, N.A. *See* May 6, 2011 Clerk's Notice Declining Default as to Bank of America, N.A. [dkt. #91].

2

Case No.: 10-CV-03333-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT

1   Now before the Court are: (1) the motion to set aside entry of default with respect to non-
2  party Bank of America Corporation; and (2) Plaintiffs' motion for entry of default judgment with
3  respect to non-party Bank of America Corporation.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 55(a): "[w]hen *a party* against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter *the party's default*." Fed. R. Civ. P. 55(a) (emphasis added). In addition, a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine whether good cause exists to set aside entry of default, the court considers three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; or (3) whether reopening the default (or in this case, setting aside entry of default) would prejudice the plaintiff. *Id.* at 1091; *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). "Crucially, however, 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *See Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

Here, default was mistakenly entered against non-party Bank of America Corporation, and must be set aside. *See* Fed. R. Civ. P. 55(a) (discussing default with respect to a "party" to an action). Bank of America Corporation is not, and has never been, a party to this action. Moreover, Plaintiffs have acknowledged their mistake in seeking default against Bank of America Corporation. The actual named Defendant in this action, Bank of America, N.A., has appeared and responded to Plaintiffs' FAC. Accordingly, good cause exists to set aside default against Bank of America Corporation. As the Court is setting aside entry of default against Bank of America Corporation, Plaintiffs' motion for entry of default judgment must also be denied. *See* Fed. R. Civ. P. 55(b) (default judgment is only appropriate for defendants who have "defaulted").

3
Case No.: 10-CV-03333-LHK
ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT

### III. CONCLUSION

For the reasons stated above, the motion to set aside entry of default against Bank of America Corporation [dkt. #78] is GRANTED.  The motion for entry of default judgment against Bank of America Corporation [dkt. #83] is DENIED.  The Clerk shall set aside default against Bank of America Corporation.  The May 26, 2011 motion hearing and case management conference remain as set.

**IT IS SO ORDERED.**

Dated: May 17, 2011

_____
LUCY H. KOH
United States District Judge