UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VINCENT AND LIEN TANG, | Case No.: 10-CV-03333-LHK |
| Plaintiffs, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT |
| CALIFORNIA RECONVEYANCE CO., et al., | WITH PREJUDICE |
| Defendants. | |

Plaintiffs Vincent and Lien Tang, proceeding pro se, filed a complaint on July 29, 2010 against Defendants California Reconveyance Company ("CRC"), JP Morgan Chase Bank, N.A. ("JP Morgan"), Chase Home Finance ("Chase"), and Washington Mutual for damages exceeding $6.5 million. Plaintiffs' original complaint alleged that Defendants violated numerous federal laws by reporting an "alleged debt that has never been validated or proven" to credit reporting agencies. The Defendants moved to dismiss the complaint, and the Court found that Plaintiffs had failed to state a claim. Accordingly, the Court dismissed the complaint, granting Plaintiffs leave to amend some of their asserted claims, and dismissing others with prejudice. *See* Dec. 22, 2010 Order (Dkt. No. 40).

On January 24, 2011, Plaintiffs filed a First Amended Complaint (FAC). *See* Dkt. No. 42. The FAC asserts just two claims: 1) violation of the Truth In Lending Act (TILA, 15 U.S.C. §§ 1601 *et seq.*) and 2) wrongful foreclosure. Like the first complaint, the FAC claims $6.5 million in damages. In the FAC, Plaintiffs added the Federal Deposit Insurance Corporation (FDIC) and

1

1   Bank of America, NA (BOA) as defendants. On March 28, 2011, FDIC moved to dismiss
2   Plaintiffs' FAC. On April 1, 2011, Plaintiffs filed a dismissal without prejudice as to FDIC.
3   Previously, on February 7, 2011, Defendants JP Morgan, CRC and Chase (the "Chase
4   Defendants") filed a joint motion to dismiss the FAC ("Chase Mot."). *See* Dkt. No. 47. On April
5   12, 2011, BOA filed a motion to dismiss the FAC ("BOA Mot.").[1] *See* Dkt. No. 72. Plaintiffs
6   filed a timely opposition to the Chase Motion, but failed to file a timely opposition to the BOA
7   Motion under the Civil Local Rules in force at the time. When BOA filed a notice to the Court
8   pointing out Plaintiffs' failure to file, Plaintiffs responded with a second opposition to the Chase
9   Motion and an untimely opposition to the BOA motion. *See* Dkt. Nos. 97 and 98.[2] Finally, the
10  Chase Defendants filed a reply brief. *See* Dkt. No. 96. The Court vacated the hearing on the
11  pending motions, finding that these matters could be resolved without oral argument. *See* Dkt. No.
12  103. For the reasons set forth below, the Court DISMISSES the FAC with prejudice.

13  **I.  BACKGROUND**

14  Unlike the original complaint, which focused primarily on credit reporting, the FAC focuses
15  on transfers of Plaintiffs' mortgage loan. Plaintiffs allege that "prior to June 21, 2005, Plaintiffs
16  purchased certain real property commonly known as the (the "Subject Property"). FAC ¶ 5.
17  Although Plaintiffs provide no additional details regarding this transaction in the FAC, the Court
18  previously took judicial notice of a number of documents, including a Deed of Trust (DOT) that
19  was recorded on or about July 6, 2005 by the Santa Clara County Recorder's Office. *See* Dec. 22,
20  2010 Order at 2-3. The DOT indicates that Plaintiffs obtained a residential mortgage loan for
21  $825,000 for real property located at 2739 Clover Meadow Street, San Jose, California 95135 on
22  June 21, 2005.

---

[1] Both BOA and the Chase Defendants submitted Requests for Judicial Notice with their motions to dismiss. However, the Court has already taken judicial notice of the submitted documents in determining the first round of motions to dismiss. *See* Dec. 22, 2010 Order at 2-3 (taking judicial notice of the DOT, the February 26, 2010 Assignment, and the Notice of Default). The only document not previously judicially noticed, the Notice of Trustee's Sale, is not needed for the decisions reached in this Order. Therefore, the Court will not take judicial notice of it at this time.
[2] Although the Plaintiffs did not seek leave to file either the second opposition to the Chase Motion or the untimely opposition to the BOA Motion, in light of Plaintiffs' pro se status, the Court has considered the Plaintiffs' arguments advanced in all three of its oppositions.

2
Case No.: 10-CV-03333-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiffs allege that on June 21, 2005 or shortly after Washington Mutual "sold to investors as a 'mortgage backed security' and that none of the Defendants in this action owned this loan, or the corresponding note." FAC ¶ 6. Plaintiffs further allege that on September 25, 2008, the Office of Thrift Supervision closed Washington Mutual and appointed FDIC as receiver, and at the same time, JP Morgan entered into an agreement to purchase the assets of Washington Mutual. FAC ¶ 7. Plaintiffs allege that they "made their last payment of $3,195.00" in October, 2009. FAC ¶ 8. On November 24, 2009 Plaintiffs allege that they received a statement from Chase Home Finance claiming a debt of $904,691.01 on behalf of BOA "allegedly owed by Plaintiffs." FAC ¶ 9. On March 12, 2010, Plaintiffs allege that they sent a letter to Chase Home Finance to "dispute the claim of money owed to Bank of America." FAC ¶ 10. However, on February 26, 2010, JP Morgan transferred its interest in the DOT to BOA, with CRC listed as trustee. This transfer was recorded on March 1, 2010. *See* FAC, Ex. B. Although Plaintiffs do not mention it in their pleadings, they also attach a Notice of Default (NOD) dated February 16, 2010 and recorded on March 1, 2010 to the FAC. The NOD states that the amount in arrears on Plaintiffs' loan was $14,954.54 as of February 26, 2010.

Plaintiffs allege that after funding of their loan "it was distributed through securitization pools [and] the note was severed from the Deed of Trust." FAC ¶ 13. Plaintiffs further allege that "none of the defendants in this action are beneficiaries or representatives of the beneficiary and, if the defendants allege otherwise, they do not have the original Note to prove that they are in fact the party authorized to conduct the foreclosure." FAC ¶ 14. Finally, Plaintiffs allege that "the loan was sold or transferred without notifying the Plaintiff in writing. Therefore, the loan is void of legal rights to enforce it." FAC ¶ 15.

Plaintiffs allege two causes of action. First, Plaintiffs allege that Washington Mutual and FDIC violated TILA because they "failed to disclose finance charges and calculating the annual percentage rate based upon improperly calculated and disclosed amounts. Defendant WaMu disclosed an annual percentage rate of 4.867% when in actuality the annual percentage rate was 5.009%." FAC ¶ 16. Plaintiffs further allege that they did not become aware of this discrepancy until April 2010 when the "Mortgage forensic was done," and that their TILA claim should be

3

1    equitably tolled as a result. FAC ¶¶ 18-19. Finally, Plaintiffs assert that "Washington Mutual FA

2    failed to disclose the finance charges they would incur." FAC ¶ 21. Plaintiffs refer to Exhibit C of

3    the Complaint, a document titled "Mortgage Compliance Analysis Report" dated April 6, 2010.

4    However, Plaintiffs do not reference any document that appears to be related to origination of their

5    loan in connection with their TILA claim.

6        Second, Plaintiffs allege "wrongful disclosure" against CRC and BOA. In this claim,

7    Plaintiffs argue that "Under UCC Article 3, subsection 3-302 only the holder in due course is the

8    person entitled to enforce an instrument" and that "[d]efendants are not the holders of the note,

9    therefore lack all standing to foreclose." FAC ¶¶ 24-25. Plaintiffs conclude by stating that they

10   seek $6.5 million in damages.

11   **II.   LEGAL STANDARDS**

12       Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is

13   "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to

14   support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658,

15   664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In considering

16   whether the complaint is sufficient to state a claim, the court must accept as true all of the factual

17   allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However,

18   the court need not accept as true "allegations that contradict matters properly subject to judicial

19   notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or

20   unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d

21   1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must

22   contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its

23   face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

24   (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference

25   that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

26       If the Court concludes that the complaint should be dismissed, it must then decide whether

27   to grant leave to amend. "[A] district court should grant leave to amend even if no request to

28   amend the pleading was made, unless it determines that the pleading could not possibly be cured

4

by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III. DISCUSSION

Previously, Plaintiffs brought suit under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, the Truth in Lending Act (TILA), 15 U.S.C. §1601 *et seq*., the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. 1961 *et seq*., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2601 *et seq*. In the FAC, Plaintiffs have re-asserted only their TILA claim, and added a new claim of "wrongful foreclosure." Because Plaintiffs have failed to state a claim, and because amendment of these claims would be futile, the Court dismisses Plaintiffs' claims without leave to amend.

    a. TILA Claim

In their first attempt to state a claim for violation of TILA, Plaintiffs alleged that "the Defendants violated TILA and Regulation Z §§ 226.18(c), 18(d), and 22 by failing to disclose certain finance charges and calculating the annual percentage rate based upon improperly calculated and disclosed amounts." In addition, Plaintiffs claimed that Defendants "disclosed a[n] annual percentage rate of 4.867% when in actuality the annual percentage rate was 5.009%." *See* Dec. 22, 2010 Order at 7. The Court dismissed Plaintiffs' TILA claim, because Plaintiffs had failed to specify which Defendant or Defendants had actually violated TILA, and because Plaintiffs' damages claim appeared to be barred by TILA's one-year statute of limitations for damages claims. *See* 15 U.S.C. § 1640(e); Dec. 22, 2010 Order at 8.

In the FAC, Plaintiffs assert their amended TILA claim against "Washington Mutual F.A. FDIC." However, as Plaintiffs allege in their Complaint, Washington Mutual went out of business in 2005. Plaintiffs have not filed a proof-of-service for Washington Mutual, and Washington Mutual has not appeared in this case. As for FDIC, Plaintiffs voluntarily dismissed it after it filed a motion to dismiss Plaintiffs' TILA claim. Therefore, it appears that Plaintiffs' TILA claim is not asserted against any current defendant in this lawsuit.

Even if Plaintiffs could assert this claim against one of the remaining defendants, the Court finds that they have failed to state a claim. Although Plaintiffs allege that they did not become aware of the violations until their Mortgage forensic analysis in April 2010, they do not explain *why* they were not able to discover their TILA claim before this time. Plaintiffs signed their mortgage documents in June, 2005, but did not file a complaint asserting TILA claims until over five years later, on July 29, 2010. Generally, inaccuracies in disclosures are evident upon reviewing the disclosure documents themselves, and the statute of limitations begins to run the day the documents are executed. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). TILA damages claims are subject to a one-year statute of limitations. 15 U.S.C. §1640(e). In order to establish that equitable tolling applies, Plaintiffs would need to establish that they could not have discovered their claims before they brought them despite using reasonable diligence. *See Meyer*, 342 F.3d at 902. Plaintiffs would need to establish "evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of [the loan originator] that prevented" them from discovering their claim. *Id*.

Plaintiffs provide no reason why they could not have discovered their TILA claim until they reviewed the April 2010 forensic analysis. The Court specifically asked Plaintiffs to address this in their FAC, and Plaintiffs have failed to do so. Because Plaintiffs do not assert their TILA claim against any defendants presently in this case, and because Plaintiffs have failed to plead facts suggesting that equitable tolling would apply to their claim, the Court concludes that further leave to amend this claim would be futile. Therefore, Plaintiffs' TILA claim is DISMISSED with prejudice.

      b.   RESPA Claim

Although Plaintiffs title their first claim "TILA" claim, within that claim they refer to Regulation X, 24 CFR 3500.7(c)(2). Regulation X is the implementing statute for the Real Estate Settlement Procedures Act, or RESPA (12 U.S.C. § 2601 et seq.). Previously, Plaintiffs brought a claim for relief for failure to provide a "good faith estimate" pursuant to Regulation X, 24 U.S.C. § 3500.7. The Court dismissed this claim, holding that Plaintiffs could not claim damages for violations of this section of Regulation X. *See* Dec. 22, 2010 Order at 9-10. Plaintiffs were given

6

Case No.: 10-CV-03333-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

leave to amend to state a claim based on "another section of RESPA." *Id*. at 10. Instead, Plaintiffs appear to renew their original claim in their FAC, stating that "defendant Washington Mutual FA violated 24 CFR 3500.7(c)(2) . . . [the] lend[er] must provide mortgage applicants with such a 'good faith estimate' of each charge which the borrower will normally pay or incur . . ." FAC ¶ 20. The Court has already determined that Plaintiffs cannot base a claim for damages on this section of Regulation X, so this amendment fails to state a claim. Given that Plaintiffs have failed to state any claim for relief under RESPA, their REPSA claim is DISMISSED with prejudice.

          c.  Wrongful Foreclosure

In their second claim, Plaintiffs assert that defendants CRC and BOA "are not the holders of the note, therefore lack all standing to foreclose." However, the February 26, 2010 assignment granted "all beneficial interest" in the DOT to BOA, and named CRC as the trustee. This gave CRC the authority to initiate foreclosure proceedings once Plaintiffs were in default. As CRC argues in its motion to dismiss, it is well-established that there is no requirement that the trustee possess the note before initiating foreclosure proceedings. *See, e.g., Alvara v. Aurora Loan Servs.*, No. C-09-1512 SC, 2009 U.S. Dist. LEXIS 50365, at *18 (N.D. Cal. June 15, 2009) ("Under California law, a trustee need not possess a note in order to initiate foreclosure under a deed of trust."); *Avila v. Countrywide Home Loans, Inc.,* No. 10-CV-05485-LHK, 2011 U.S. Dist. LEXIS 34071 at *18-19 (N.D. Cal. Mar. 29, 2011) (citing cases in accord). In opposition, Plaintiffs cite *Saxon Mortg. Servs. v. Hillery,* 2008 U.S. Dist. LEXIS 100056 (N.D. Cal. Dec. 9, 2008). In this decision, the court questioned whether the nominee under a deed of trust had authority to assign both the deed and the accompanying note. This is distinguishable from the present case, where the assets of the original lender (Washington Mutual) were acquired by JPMorgan Chase Bank, which in turn transferred all its interest in both the DOT *and* the note to BOA. In this case, the transfer was made by the lender, not a nominee or beneficiary.[3]  Plaintiff has presented no reason why this assignment should not be considered effective.

---

[3] Moreover, the Court notes that the *Saxon* decision has been criticized by the California Court of Appeal. *See Ferguson v. Avelo Mortg.*, *LLC,* No. B223447, 2011 Cal. App. LEXIS 673 at *12-*13 (June 1, 2011).

7

Case No.: 10-CV-03333-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

In this claim, Plaintiffs assert that "under UCC Article 3, subsection 3-302 only the holder in due course is the person entitled to enforce an instrument." However, Plaintiffs do not explain how this provision of the Uniform Commercial Code would affect CRC's authority as trustee to enforce the DOT. Because "production of the note is not required to proceed in foreclosure," Plaintiffs have failed to state a claim. *See Roque v. Suntrust Mortg., Inc.,* No. C-09-00040 RMW, 2010 U.S. Dist. LEXIS 11546 at *8 (N.D. Cal. Feb. 9, 2010). In their opposition to the BOA Motion, Plaintiffs argue that "defendants have received payments by plaintiffs . . . [d]ismissing any of the defendants would unjustly enrich them at plaintiffs' expense." However, the Complaint shows that Plaintiffs "made their last payment" in October, 2009, and Plaintiffs do not allege that the NOD is incorrect when it states that Plaintiffs were almost $15,000 behind in payments as of February, 2010.[4] Finally, with their first-filed opposition, Plaintiffs submitted a request for the Court to take judicial notice of a November 16, 2010 Report of the Congressional Oversight Panel titled "Examining the Consequences of Mortgage Irregularities for Financial Stability and Foreclosure Mitigation" (available at: http://www.gpo.gov/fdsys/pkg/CPRT-111JPRT61835/pdf/CPRT-111JPRT61835.pdf). Although this document is an official government publication ordinarily subject to judicial notice, it appears that this report has no relevance to Plaintiffs' claims. The report discusses a "worst-case scenario" in which "banks may be unable to prove that they own the mortgage loans they claim to own." As discussed above, Plaintiffs have raised no valid argument that the assignment to BOA, with CRC as trustee, was invalid or illegal. Thus, Plaintiffs' request for judicial notice is DENIED. There is simply no merit to Plaintiffs' "holder of the note" argument. Amendment of Plaintiffs' wrongful foreclosure claim would therefore be futile. Accordingly, this claim is DISMISSED with prejudice.

**IV.     CONCLUSION**

For the reasons stated above, Defendants' motions to dismiss are GRANTED. Plaintiffs' FAC is DISMISSED with prejudice. The Clerk shall close the file.

---

[4] Although Plaintiffs submit in a declaration stating that they "made two partial payments to Chase but Chase never credited our account," they do not appear to base any of their claims on this allegation. *See* Tang Decl., Dkt. No. 55 at 2.

8
Case No.: 10-CV-03333-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**IT IS SO ORDERED.**

Dated: June 29, 2011



LUCY H. KOH
United States District Judge

Case No.: 10-CV-03333-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS